MIDDLESEX COUNTY COURT OF COMMON PLEAS.

WILLIAM WEINBERGER, TRADING AS WILLIAM WEINBERGER & COMPANY, PLAINTIFF, v. MARGO REALTY CORPORATION, DEFENDANT.

Decided February 8, 1933.

For the motion, *Jacob Polkowitz.*

*Contra, Paul W. Ewing.*

LYON, J.  This is an appeal to the Middlesex Common Pleas from a judgment rendered in the court for the trial of small causes.  Judgment was rendered in the court below in favor of the plaintiff, and the defendant has appealed to this court.

The judgment was rendered in the small cause court on July 14th, 1932.  The defendant filed its notice of appeal and bond in due form with the justice on July 18th, 1932, which was within the time prescribed by the statute, but did nothing further to bring on the appeal at the following September term.  Neither did it bring on the appeal at the following December term which opened on December 13th, 1932.  The transcript from the justice was not filed until December 20th, 1932.

Appellee now moves to dismiss the appeal on the ground that the same was not put on the list by the appellant at the next term after the taking of the appeal, in accordance with the provisions of section 90 of the Justices' Courts act (*Comp. Stat., p.* 3008, § 90), which is as follows:

"All appeals to the Court of Common Pleas shall be put on the list by the appellant for trial at the next term after the same shall be appealed, if sufficient time to notice the same, for ten days, remain between the perfecting of the appeal and the first day of the next term; either party may give such notice and place said appeal on the list for trial; in default of such notice the court, unless good cause be shown, shall dismiss the appeal."

The appellant resists the motion on the ground that the justice of the peace did not send up the papers until about the beginning of the December term, claiming that the delay was not appellant's fault but the fault of the justice.  It, therefore, takes the position that after it has perfected its appeal by giving notice and filing bond it has no obligation

to see that the justice sends up the papers and that the appeal is brought on for trial.

The section 90 above recited provides that "all appeals to the Court of Common Pleas shall be put on the list *by the appellant* for trial at the next term after the same shall be appealed."

In the case of *Gaskill* v. *Miller*, 71 *N. J. L.* 103; 58 *Atl. Rep.* 81, the court held that "if the appellant failed to notice the appeal at the next term of the Common Pleas after such appeal shall be taken, the court must dismiss the appeal unless good cause be shown."

In the case of *Drake* v. *Camp*, 45 *N. J. L.* 293 (at *p.* 294), the court held as follows:

"The mere failure on the part of the justice to perform his duty at the time appointed will not warrant the dismissal of the appeal, because the statute, as to time, is directory merely, but its performance at some time is necessary to put the appellate tribunal in possession of the cause for trial, and consequently *the appellant, who is bound to prosecute his appeal, must use due diligence to see that such a certificate is promptly brought in*. In the present case such diligence was not exercised. The appellant's attorney made no attempt to learn whether the justice had done his duty. * * * This was laches in the appellant; and whether the Common Pleas should excuse him or should dismiss his appeal, in accordance with its rule framed to carry out the purpose of the legislature that such cases should be determined summarily, was a question addressed to the discretion of that court."

There was no good cause shown in the case at bar why the appellant did not notice the appeal at the next term after judgment rendered. The failure of the justice to send up the papers was not good cause. If he did not do it, it was the duty of the appellant to take a rule upon the justice to compel him to do so. The words in the last quoted case apply to the appellant in this case. The appellant was *"bound to prosecute his appeal"* and *"to use due diligence to see that the certificate of the justice was promptly brought in."*

*"Such diligence was not exercised." "The appellant's attorney made no attempt to learn whether the justice had done his duty." "This was laches in the appellant."*

In the case of *Howell* v. *Van Ness,* 31 *N. J. L.* 443, the appeal was dismissed and an application was made to reinstate it. In that case the Supreme Court said that the court may reinstate the appeal, but it must be for good cause shown, as when the appellant has a meritorious defense, which by some surprise he has been prevented from showing. The good cause shown, stated in section 90 above referred to, is not the neglect of the appellant's attorney which is the situation in this case. The only "good cause" is where appellant has been prevented "through surprise, and without any fault of his own." See, also, *Hockenbury* v. *Alpaugh,* 34 *Id.* 342.

The motion to dismiss the appeal in this case must be granted.